[L. A. No. 19633.   In Bank.   Aug. 23, 1946.]

LOCKHEED AIRCRAFT CORPORATION (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and RICHARD JANDA, Respondents.

Syril S. Tipton for Petitioners.

R. C. McKellips and Edward A. Sarkisian for Respondents.

SHENK, J.—The petitioners, Lockheed Aircraft Corporation and Associated Indemnity Corporation, respectively the employer and its insurance carrier, seek annulment of an award of compensation to the employee, Richard Janda.

Janda, about 34 years of age, was and had been in the employ of Lockheed in Los Angeles County since 1940 as a material conservation analyst whose duty it was to check materials for reclamation. In the discharge of this duty he was required to travel between his general headquarters at Plant No. 2 at Seventh Street and Santa Fe Avenue in Los Angeles and Plant No. 4 in Maywood. He made frequent trips between these plants either in the company automobile, or on his own motorcycle for the use of which he received an allowance as "mileage." It was understood that in going between the plants he was to travel over certain approved routes.

Janda's hours of employment were from 4 p. m. to 12:30 a. m. His lunch period was generally from 8 to 8:30 p. m. for which time he received no compensation. Because of the nature of his employment he had discretion to stop for his lunch while en route between the plants.

On January 25, 1945, Janda completed an errand at Plant No. 4 in Maywood and shortly before 8 o'clock started back to Plant No. 2 on his motorcycle. He decided to get his lunch on the return trip and in order to find a suitable eating place he chose an alternative approved route over Slauson Avenue and Alameda Street which, however, he had not trav-

elled in the past. He turned west on Slauson Avenue with the intention of going north on Alameda Street. Because he was watching for a lunch room and due to his unfamiliarity with the route, he missed Alameda Street without realizing that fact until he arrived at Vermont Avenue. He then proceeded north on Vermont Avenue with the intention of turning east toward Alameda Street, thence back to the plant. At the intersection of Vernon and Vermont Avenues he was struck by a streetcar and received the injuries for which he sought compensation.

The commission's award of compensation was based on its findings and determination that Janda's injuries arose out of and occurred in the course of his employment. The petitioners contend that the findings and determination are without support in the facts and the law. They rely on the going and coming rule and on the cases which hold that when an employee has deviated from the path of his employment on an errand personal to himself and while not performing any service for his employer, injuries received by him or by a third person due to his negligence may not be said to be in the course of his employment. (See *California C. I. Exch.* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 P. 257]; *Peccolo* v. *City of Los Angeles*, 8 Cal.2d 532, 535 [66 P.2d 651]; *Gordoy* v. *Flaherty*, 9 Cal.2d 716 [72 P.2d 538]; *California Highway Com.* v. *Industrial Acc. Com.*, 61 Cal.App. 284, 287 [214 P. 658]; *Martinelli* v. *Stabnau*, 11 Cal.App.2d 38, 40 [52 P.2d 956]; *Carnes* v. *Pacific Gas & Elec. Co.*, 21 Cal.App.2d 568 [69 P.2d 998, 70 P.2d 717].)

It is a question for the commission to determine whether the employee has embarked on an errand entirely personal to himself without any relation to his service to his employer, unless the court should say as a matter of law that such a deviation has occurred. The facts of the present case do not fall, as a matter of law, within the rule relied on by the petitioners. The limits of Janda's working district were fixed by his employer. He did not cease to be acting in the course of his employment when he started on the return trip. Had his injuries occurred while he was returning to Plant No. 2 over a regular and approved route, no question of the propriety of the award could properly have arisen, even though at the time he was also looking for a place to eat.

The established rule was repeated in *Ryan* v. *Farrell*, 208 Cal. 200, 204 [280 P. 945], viz.: That where the employee

is combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly or indirectly could he have been serving his employer. (See, also, *Tingey* v. *Industrial Acc. Com.*, 22 Cal.2d 636, 640 [140 P.2d 410]; *Loper* v. *Morrison,* 23 Cal.2d 600, 606 [145 P.2d 1]; *Broecker* v. *Moxley,* 136 Cal. App. 248, 256 [28 P.2d 409].)

In *Makins* v. *Industrial Acc. Com.,* 198 Cal. 698 [247 P. 202, 49 A.L.R. 411], the employee was obliged to go outside of the established district to return to the initial point because otherwise he would be subjected to arrest and imprisonment for a traffic violation. He was held to be serving his employer although he deviated from the prescribed route. In *Tingey* v. *Industrial Acc. Com., supra* (22 Cal.2d 636), the employee was injured while returning from lunch. But it was shown that, with the implied consent of his employer, he was conferring at luncheon with the manager of one of the branch stores relative to plans for a new branch. The conclusion that his injury occurred in the course of his employment was upheld.

A case somewhat similar on its facts to the present is *Loper* v. *Morrison, supra* (23 Cal.2d 600). The employee's duties were to deliver milk along a prescribed route and collect milk accounts. About 4 o'clock on an afternoon he stopped to collect a delinquent account at the home of one Hanson, but found no one there. From experience he knew that the Hansons would be home around 5:30, so he decided to return. Inasmuch as he had not eaten since breakfast he went about two miles off the milk route for lunch and to take to his home one Dolan, a fellow employee who had accompanied him. An accident occurred while he was proceeding from Dolan's home on the way back to the Hanson place and while he was still off the regular route. A judgment for the plaintiff, who was injured in the accident, was affirmed on the ground that the facts as a matter of law did not show a complete abandonment of the employment. As the court pointed out, the result was the same as though the employee had decided to wait in front of the Hanson home. He was still acting in the service of his employer. In such cases detours or deviations do not necessarily constitute an abandonment. (See

additional cases cited in *Loper* v. *Morrison*, 23 Cal.2d at p. 606 [145 P.2d 1].)

In the present case the employee was unfamiliar with the alternative approved route on which he had chosen to return to the plant. While so returning he was serving his employer. His intention to eat his lunch on his way back did not effect an abandonment of his general purpose nor of his service to his employer. In the Loper case the deviation was intentional, but it was held that there was support for the conclusion that the path of employment had not been abandoned. It should not be said therefore that an unintentional or accidental deviation from the approved route would compel a different result in the present case. Furthermore, the employee was permitted to eat his lunch on his trips between plants, and there was no showing that he could not step off the approved route for the purpose if that was a matter reasonably to be contemplated. As stated in *Employers' etc. Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567, at 573 [99 P.2d 1089], with citation of cases, the rule is that the injury is compensable if received while the employee is doing those reasonable things which his contract of employment expressly or impliedly authorizes him to do. In the present case whether the general contract of employment authorized the employee to step off the regular route to find an eating place or whether his deviation from the regular route was unintentional and accidental as he testified, were questions for the commission to determine. The petitioners assert that the testimony of the employee that his deviation was unintentional is unworthy of belief. But a court on review has no general concern with the credibility of a witness. It was observed in *People* v. *Huston*, 21 Cal.2d 690, at page 693 [134 P.2d 758], that before the reviewing court may reject statements of a witness who has been believed by the fact-finding body, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resort to inferences or deductions. Conflicts or justifiable suspicion are not sufficient. In *Quigley* v. *Industrial Acc. Com.*, 3 Cal.2d 46, at p. 51 [43 P.2d 289], this court reminded litigants and counsel that it was not permitted to weigh the evidence. Also in *Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 202 Cal. 521, at page 525 [261 P. 987], it was said that the question of good faith and honesty on the part of the applicant is one of fact for the commission and that when

the commission had determined the question under circumstances which would admit of a finding either way, the court might not substitute its conclusion as to the credibility of the witness.

It follows from the foregoing that the award should be and it is hereby affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.