[L.A. No. 28499.   In Bank.   Nov. 10, 1965.]

R. G. GREYDANUS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and DOMINIQUE BASTERRETCHE, Respondents.

McLaughlin, Evans, Dalbey & Cumming and Barry F. Evans for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Jaffee, Mallery, Thompson, Talbott & Lemaster and George D. Thompson for Respondents.

MOSK, J.—The petitioners in this proceeding seek review and annulment of an award of compensation to respondent Dominique Basterretche. The facts are both uncomplicated and undisputed and, for our purposes, may be readily summarized:

Basterretche was permanently employed to milk cows at the dairy operated by petitioner R. G. Greydanus. As required, he reported for work each morning at 4:30 a.m. at the milking barn situated beside a two-lane highway near Chino. In order to reach the barn it was necessary to turn off the highway into a short driveway leading to the barn. On the morning of March 20, 1963, as Basterretche proceeded in his automobile to turn left off the highway to drive to the barn, his vehicle was struck by a truck which was attempting to pass him on the left. At the time of the impact Basterretche had completed his turn, and his car was headed directly toward the barn. The wheels were a few feet short of touching the apron of the driveway, but most of the vehicle was over the highway lane he was crossing. Basterretche received multiple injuries for which the commission awarded compensation.

The commission held that "applicant . . . had entered the necessary means of access to the employer's premises and, thus, had come within the field of special risk created by the employment. . . ." The employer and his compensation insurance carrier seek annulment of the award on

the ground that the injury occurred while Basterretche was en route to work and before he reached the employer's premises.

The general rule is that employees are not covered by workmen's compensation while "going and coming" to and from their places of work. (See, e.g., *Postal Tel. Cable Co.* v. *Industrial Acc. Com.* (1934) 1 Cal.2d 730, 733 [37 P.2d 441, 96 A.L.R. 460].) It is equally clear that the point at which an employee is no longer "going or coming" and has entered the area of his employment involves a factual determination.

In reaching its decision here, the commission relied heavily on *Pacific Indem. Co.* v. *Industrial Acc. Com.* (*Henslick*) (1946) 28 Cal.2d 329 [170 P.2d 18], a case in which applicable rules to guide the trier of fact were enunciated. In *Henslick* (at pp. 335-336) the court stated: "'In compensation law the general rule is well established that injuries received by an employee while going to or coming from his place of work are not compensable. [Citations.] However, in applying this general rule to borderline cases, the term 'employment' has been held to include 'not only the doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done.' [Citations.] In further clarification of the general rule it has been held that injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment. [Citations.] Also, it is well settled that if the employment creates a special risk, an employee is entitled to compensation for injuries sustained within the field of that risk. The employee may be subject to such a risk as soon as he enters the employer's premises, or the necessary means of access thereto, even when the latter is not under the employer's control or management. [Citations]."

*Henslick* is remarkably similar to the instant case in its concern with the question whether the applicant was within the "field of risk" created by his employment. While en route to his place of employment, Henslick attempted to turn his automobile from a public road into a parking lot maintained by his employer, but was struck by another vehicle in the process of doing so. After the collision, the Henslick car came to rest in a position with the two front wheels on the apron of the parking lot and the two rear wheels on

the adjacent street. The award there was affirmed. In applying *Henslick* to the facts here, the referee stated: "The line of distinction as to whether the wheels were, or were not, in the driveway seems artificial. The significant fact appears to be that a left turn was required to enter the employer's premises. This referee would agree with both counsel that a line must be drawn somewhere in the 'going and coming rule.' It would appear that it was appropriate to draw such a line when the employee is . . . making a turn into, the employer's premises."

In *Henslick* the court also held that "the fact that an accident happens upon a public road and the danger is one to which the general public is likewise exposed, does not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree." (*Id.* at p. 338.) ▆▆▆ Basterretche was required as part of his job each day to turn off the highway into his employer's dairy farm. In doing so he was exposed to a particular risk not shared by the public generally. Therefore the decision of the referee, as affirmed by the commission, appears to be reasonable and entirely consistent with existing authority. (See also *Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 12-13 [118 P.2d 809]; *Globe Indemnity Co.* v. *Industrial Acc. Com.* (1930) 208 Cal. 715, 719 [284 P. 661].) Moreover, the result accords with the trend of decisions in other states. (See, e.g., *Babine* v. *Lane Construction Corp.* (1958) 153 Me. 339 [138 A.2d 625]; *Nelson* v. *City of St. Paul* (1957) 249 Minn. 53 [81 N.W.2d 272]; *Barnett* v. *Britling Cafeteria Co.* (1932) 225 Ala. 462 [143 So. 813, 85 A.L.R. 85]; 2 Hanna, Law of Employee Injuries and Workmen's Compensation (1954) pp. 164-165.)

The scope of appellate review in compensation cases "shall not be extended further than to determine . . . whether: . . . (c) The . . . award was unreasonable." (Lab. Code, § 5952.) ▆▆▆ In addition it is well recognized that workmen's compensation statutes are to be construed liberally in favor of awarding compensation. (Lab. Code, § 3202; *Freire* v. *Matson Navigation Co.* (1941) *supra*, 19 Cal.2d 8, 10.) Although as the court indicated in *Henslick* these are "borderline cases," we find no compelling reason to depart from the reasonable factual determination of the commission that

the employee was within the course of his employment when injured.

The award is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would annul the award for the reasons expressed by Mr. Justice Frampton in the opinion prepared by him for the District Court of Appeal in *Greydanus* v. *Industrial Acc. Com.* (Cal.App.) 43 Cal.Rptr. 795.