[Civ. No. 8875.   Fourth Dist., Div. One.   Apr. 16, 1968.]

CELESTE JOAN VAN CLEVE, Petitioner, v. WORK-
MEN'S COMPENSATION APPEALS BOARD, CITY
OF NEWPORT BEACH et al., Respondents.

Byhower, Longley, Vaughan & Petherbridge and Wilbur S.
Vaughan for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Sheldon M. Ziff
and Gregory K. Bogue for Respondents.

BROWN (Gerald), P. J.—At 8:15 a.m., March 31, 1967, a rainy day, while coming to work for a mandatory 8:30 briefing, petitioner Newport Beach Policewoman Celeste Joan Van Cleve drove onto the parking lot provided by her employer; parked; pushed open her Oldsmobile's door; and, started to move out of the vehicle while twisting her body reaching into the back seat for the raincoat she brought to protect her uniform. Her left foot ceased supporting her. Something in her back snapped, causing injury.

█ Injuries received while going to or from work *upon premises owned or controlled by an employer* are generally deemed to have arisen out of and in the course of employment (Lab. Code, § 3600; *Greydanus* v. *Industrial Acc. Com.*, 63 Cal.2d 490, 492 [47 Cal.Rptr. 384, 407 P.2d 296]; *Pacific Indem. Co.* v. *Industrial Acc. Com.* (*Henslick*), 28 Cal.2d 329, 335-336 [170 P.2d 18]; *California Cas. Ind. Exchange* v. *Industrial Acc. Com.* (*Cooper*), 21 Cal.2d 751 [135 P.2d 158]). Reversing a referee, the Workmen's Compensation Appeals Board denied compensation here because it determined: 1) petitioner intended to have coffee before the mandatory 8:30 briefing; 2) petitioner was injured before her working day began; 3) petitioner's employment did not create a special risk causing her injury; and, 4) petitioner's employer's premises did not create a hazard causing her injury.

Petitioner's deposition reveals she intended to have coffee on her employer's premises before attending the mandatory 8:30 a.m. briefing. In *California Cas. Ind. Exchange* v. *Industrial Acc. Com.* (*Cooper*), *supra*, 21 Cal.2d 751, employee Cooper, during working hours, with her employer's implied consent, and solely for her personal benefit, got her car after a service station serviced it, parked it on her employer-provided parking area, and, attempting to move out of her vehicle, caught her heel in her dress hem, causing her to fall and be injured. She was compensated. Like *Cooper,* Van Cleve was injured getting out of her car, an act necessary to go to work. Van Cleve's intention to have coffee neither caused nor contributed to her injury, and, therefore, is not a ground to deny compensation.

Van Cleve's appearance 15 minutes before a mandatory briefing on a rainy day does not dictate compensation should be denied. █ The *Cooper* case, *California Cas. Ind. Exchange* v. *Industrial Acc. Com.* (*Cooper*), *supra,* 21 Cal.2d 751, 755) recites: ". . . employment may be said to begin

when the employee reaches the entrance to the employer's premises where the work is to be done. . . ." In *Freire* v. *Matson Nav. Co.*, 19 Cal.2d 8, 13 [118 P.2d 809], compensating an employee injured while getting out of a taxi on a bulkhead in front of the pier where the ship on which he was employed was moored, the California Supreme Court discussed the time factor: "The fact that the accident happened some minutes before plaintiff was to begin work is immaterial. (Citations.) 'The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable time for that purpose.' (Citation)" ██ Van Cleve's employment reasonably contemplated she would park in her employer's parking lot. 8:15 a.m., on a rainy day, furthermore, is not an unreasonable time to arrive for a mandatory 8:30 briefing.

*Greydanus* v. *Industrial Acc. Com.*, *supra*, 63 Cal.2d 490, illustrates the inapplicability of the special risk doctrine the Board applied here. Greydanus' dairy employed Dominique Basterretche to milk cows. Basterretche was injured while turning left from a highway onto a short driveway leading to the milking barn in which he was employed. The California Supreme Court reiterated injuries received by employees while going to or from work upon premises owned or controlled by the employer are generally deemed compensable; but Basterretche was not injured upon such premises. The Supreme Court continued, at 63 Cal.2d 492: . . . " 'Also, it is well settled that if the employment creates a special risk, an employee is entitled to compensation for injuries sustained within the field of that risk. The employee may be subject to such a risk as soon as he enters the employer's premises, or the necessary means of access thereto, even when the latter is not under the employer's control or management [Citations].' " Basterretche's case instructs the special risk doctrine neither dictates Van Cleve's injuries are compensable nor restricts the general rule deeming compensable going and coming injuries sustained upon premises owned or controlled by the employer.

Petitioner's employer's premises did not create a hazard causing her injury. An injury arises out of employment, however, unless the connection is so remote from the employment that it is not an incident of it (*Wiseman* v. *Industrial Acc. Com.*, 46 Cal.2d 570 [297 P.2d 649]). Van Cleve's injury is certainly as incidental to her employment as was the compensable injury in *California Cas. Ind. Exchange* v. *Indus-*

*trial Acc. Com. (Cooper), supra,* 21 Cal.2d 751).

Order annulled. The Workmen's Compensation Appeals Board is directed to make an order allowing compensation.

Coughlin, J., and Whelan, J., concurred.