[S.F. No. 23258. In Bank. Nov. 26, 1975.]

GRAYCE RUTH LEWIS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF SACRAMENTO, Respondents.

## COUNSEL

Bell & Sandberg, Daniel H. Sandberg and John F. Gisla for Petitioner.

Twohy & Murphy, Fritz A. Kubacky and Kevin R. Twohy for Respondents.

## OPINION

**TOBRINER, J.**—In this case we must determine whether the Workers' Compensation Act affords compensation to an employee for an injury which occurred on a public street while the employee was walking from the employer's parking lot to her office. The Workers' Compensation Appeals Board denied recovery under the so-called going and coming

rule, which bars compensation for injuries which occur "during a local commute enroute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances." (*Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176].) We explain that because applicant entered the course of her employment when she arrived at her employer's parking lot, and did not leave the course of employment in proceeding from the lot to her office, the going and coming rule does not bar recovery; her injury is thus compensable as arising out of and in the course of her employment.

At the time of the accident claimant, Grayce Ruth Lewis, and her husband worked for different agencies of the County of Sacramento. Mr. and Mrs. Lewis customarily drove to work together in the family car and parked at a lot leased by the county for the exclusive use of its employees.[1] Mr. Lewis had purchased a parking permit from the county which entitled him to park in this lot; for this privilege the county deducted a monthly fee from his salary.

The parking lot in question is located about three blocks from applicant's place of work. On the morning of the injury she walked from the lot along the public streets by a route that was stipulated to be the most direct way to the county office where she worked. Crossing an intersection about one block from her office she slipped and fell, sustaining the injuries which give rise to her compensation claim.

The going and coming rule rests upon the premise that, absent special or extraordinary circumstances, the commuter who travels to his employer's place of business has not yet entered the course of his employment. (See 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 9.03 [3][b].) Guided, however, by the legislative mandate favoring liberal construction of the Workers' Compensation Act (Lab. Code, § 3202), we have defined the course of employment in this context to include "a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done." (*Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com.* (1943) 21 Cal.2d 751, 754 [135 P.2d 158].)

---

[1] The record indicates that the parking lot was leased by the county from the Southern Pacific Company solely for the use of county employees during the construction of the new downtown parking garage. The stipulated statement of facts characterizes the lot as leased by the county "for the use of its employees." An inter-departmental correspondence of the county describes the purpose of the lot as "to provide parking for county employees who desired space and who were willing to pay for it."

In applying this principle of a reasonable margin of time and space we have held that "injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are deemed to arise out of and in the course of the employment. On the basis of this rule it has been consistently held that the protection of the compensation law extends to injuries sustained by an employee in a parking area maintained by the employer for the use of employees, the theory being that a contract of employment which contemplates parking by employees on the premises must necessarily contemplate their entry and departure via the parking area and a reasonable interval of time and space for doing so." (*North American Rockwell Corp.* v. *Workmen's Comp. App. Bd.* (1970) 9 Cal.App.3d 154, 157 [87 Cal.Rptr. 774]; see *Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com., supra,* 21 Cal.2d 751, 754; *Pacific Indem. Co.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 329, 336 [170 P.2d 18]; *Van Cleve* v. *Workmen's Comp. App. Bd.* (1968) 261 Cal.App.2d 228 [67 Cal.Rptr. 757].)

Although many of our decisions have involved injuries on premises owned or controlled by the employer, we have refused to regard either attribute as a *sine qua non* for compensation. Thus, in *Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8 [118 P.2d 809], we found compensation proper for injuries sustained by an employee on a pier which constituted the dominant access route to the steamship on which he worked even though his employer neither owned nor controlled the pier. In declining to apply the going and coming rule in *Freire* we reasoned that the injuries occurred within the field of risk created by the employment relation; since the contract of employment required the employee to pass over the pier in order to reach his place of work, we concluded that the incidental dangers of such passage constituted risks within the ambit of employment.

In *Pacific Indem. Co.* v. *Industrial Acc. Com., supra,* 28 Cal.2d 329, the claimant sustained injuries in a collision which occurred as he drove into a parking lot maintained by the employer for the exclusive use of employees. At the time of the collision the vehicle was partially in the parking lot and partially on a public road. We refused to apply the going and coming rule in those circumstances because we concluded that "it may reasonably be said, that, at the time of the accident, the employee was on premises maintained by the employer." (P. 337.) We did not regard it as significant that the accident took place three and one-half blocks from the employer's actual place of work nor that the parking lot did not, as in *Freire,* provide exclusive access to the workplace.

Finally, in *Greydanus* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 490 [47 Cal.Rptr. 384, 407 P.2d 296], we held that the Workers' Compensation Act covered injuries sustained in an automobile collision which occurred on a public highway as the employee turned into his employer's parking lot on the way to work. We attributed no importance to the fact that the injury did not occur on the employer's premises, since we concluded that it occurred within "a reasonable margin of time and space" necessary for passing to and from those premises and was therefore "within the 'field of risk' created by his employment." (P. 492.)

■ Although the factual setting of the present case presents an issue of first impression in California, the principles articulated by the precedents support applicant's position. Since the premises of the employer include the parking facilities offered and maintained by the employer (*North American Rockwell Corp.* v. *Workmen's Comp. App. Bd., supra,* 9 Cal.App.3d 154) we must reach the conclusion that the employee who enters upon the parking lot simultaneously enters into the course of the employment (*Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com., supra,* 21 Cal.2d 751). Once the employee steps into the premises of the employer, be it parking lot, plant or office, the relationship of the employer and employee begins, and it is not terminated because the employee, in order directly to reach his allotted post, may cross public property. Travel upon a direct route from the lot to the building where the employee works must fall within that "reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done" (*Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com., supra,* 21 Cal.2d at p. 754).

The majority view of other jurisdictions supports our conclusion that compensation should be awarded in the factual setting of the instant case. As summarized in 1 Larson, Workmen's Compensation Law, section 15.14; "One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether going or coming, or pursuing his active duties. Since . . . a parking lot owned or maintained by the employer is treated by most courts as part of the premises, the majority rule is that an injury in a public street . . . between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises."[2]

---

[2]Larson explains that "By establishing or sponsoring a parking lot not contiguous to the working premises, the employer has created the necessity for encountering the hazards lying between these two portions of the premises." (1 Larson, Workmen's Compensation Law (Supp.) p. 30.)

Thus, for example, in *State Compensation Insurance Fund* v. *Walter* (1960) 143 Colo. 549 [354 P.2d 591], the Supreme Court of Colorado awarded compensation to an employee injured while crossing a public street from the shop to the employer's parking lot. The court observed that "the main line of American decisions" holds that accidents occurring between a parking lot maintained by the employer and the place of employment are compensable "even though they occur on a public road or way." (354 P.2d at p. 593.)

Similarly, in *Proctor-Silex Corporation* v. *DeBrick* (1969) 253 Md. 477 [252 A.2d 800], the Court of Appeals of Maryland awarded compensation for injuries sustained by an employee who fell on an icy public sidewalk while in transit between an employer-provided parking lot and the building in which she worked. The court declared: "Where, as here, the claimant had arrived on the premises [the parking lot] of her employer and was proceeding without deviation of any kind directly to her work, it would be unreasonable to hold that injuries sustained by her on the parking lot or between the building entrance and the time clock would be compensable, but injuries sustained between the parking lot and the building entrance would not be compensable. Therefore, we hold the injuries sustained by Mrs. DeBrick to have arisen out of and in the course of her employment." (P. 807.)[3]

The county argues that it did not require applicant to use the parking lot and, since it issued the permit to her husband, that the county was not aware she was using that facility. It does not, however, point to any way in which such facts could serve to deny compensation. When an employer provides facilities for the use and convenience of its employees, it assumes liability to workers who are injured using that facility[4] or traveling between it and other premises of the employer.[5] Employers

[3]Accord: *Gaik* v. *National Aniline Div., Allied-Chem. & D. Corp.* (1958) 5 App.Div.2d 1039 [173 N.Y.S.2d 409]; *Jean* v. *Chrysler Corporation* (1966) 2 Mich.App. 564 [140 N.W.2d 756]; *Hammond* v. *Great Atlantic & Pacific Tea Company* (1970) 56 N.J. 7 [264 A.2d 204]; *Lewis* v. *Walter Scott & Co., Inc.* (1958) 50 N.J.Super. 283 [141 A.2d 807]; *Willis* v. *State Accident Insurance Fund* (1970) 3 Ore.App. 565 [475 P.2d 986]; *Swanson* v. *General Paint Co.* (Okla. 1961) 361 P.2d 842.

[4]See *Pacific Indem. Co.* v. *Ind. Acc. Com.* (1945) 26 Cal.2d 509, 513-514 [159 P.2d 625]; see generally 2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed.) section 9.02[2] and cases there cited.

[5]See *Jimeson* v. *Industrial Acc. Com.* (1937) 23 Cal.App.2d 634 [73 P.2d 1238], which awarded compensation to a farm worker injured while traveling on a public highway from the field to the ranch house for lunch; cf. *Lockheed Aircraft Corp.* v. *Ind. Acc. Com.* (1946) 28 Cal.2d 756 [172 P.2d 1], which awarded compensation to a worker injured while traveling between two plants owned by his employer.

generally do not insist that employees use the facilities provided for their convenience, or attempt to determine which employees are using those facilities; no case suggests that the employer's failure to compile statistics as to the actual users of the parking lot would immunize him from liability for compensation.[6] It is sufficient that the employer contemplates that some employees do use the facilities; those employees thereby engaging in an act contemplated by the nature of the employment, are within the course of that employment.[7] We hold that such employees remain within the course of employment when traveling by a direct route between the facilities provided by the employer and other business premises of the employer.

In sum, the statutory policy of liberality in construing the provisions of the Workers' Compensation Act, the general principles of compensation to which this court has consistently adhered, and the majority rule in the nation all compel the conclusion that claimant's injury in this case occurred in the course of her employment. The fragmentation of the physical premises of the employer into the parking lot on the one hand and the place of work on the other does not fracture the employer-employee relationship; it is the commencement of that relationship by the employee's entrance into the employer's parking premises that is determinative.

The decision of the Workers' Compensation Appeals Board is hereby annulled and the cause remanded to that board for proceedings consistent with the views herein expressed.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

---

[6]An additional reason why the failure of claimant personally to hold a parking permit for the employer's parking lot cannot serve to deny her compensation lies in the arbitrariness of distinguishing between applicant and her husband. To grant compensation to an employee driver but to deny it to his employee passengers merely because the passengers have not obtained a parking permit would be utterly unreasonable. The distinction becomes particularly arbitrary in the instant case in which claimant was driven to work in the family car by her husband, a fellow employee. We could hardly withhold compensation to claimant because she and her husband reached the eminently reasonable conclusion that one parking permit would adequately serve them both.

[7]See *Employers' etc. Corp.* v. *Indus. Acc. Com.* (1940) 37 Cal.App.2d 567, 573-574 [99 P.2d 1089]; *North American Rockwell Corp.* v. *Workmen's Comp. App. Bd., supra,* 9 Cal.App.3d 154, 158-159 and cases there cited.