[Civ. No. 5372. Fifth Dist. June 9, 1980.]

MARY A. LEFEBVRE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
TRUSTEES OF CALIFORNIA STATE UNIVERSITY AND
COLLEGES et al., Respondents.

**COUNSEL**

Herreras & Spatafore and William A. Herreras for Petitioner.

James J. Vonk, Richard A. Krimen, Arthur Hershenson and Frank Evans for Respondents.

**OPINION**

FREDMAN, J.*—By prosecution of this writ of review, petitioner Mary A. Lefebvre seeks to annul a decision of the Workers' Compensation Appeals Board rescinding an award to her for injuries sustained on August 8, 1977.

The injuries were sustained when petitioner was riding her moped while returning to work at California State Polytechnic University (Cal Poly) at San Luis Obispo, California. After having lunch at home she

---

*Assigned by the Chairperson of the Judicial Council.

traveled on Hathway Street which is adjacent to the south campus boundary, and was in the process of making an angled left turn across Hathway toward a private driveway when struck by an oncoming motorcycle. The point of impact was approximately 100 feet short of the on-campus bike path designated as the university entrance. Ms. Lefebvre explained that she commenced her left turn sooner than usual due to the presence of loose gravel on the campus bike path which had almost caused her to fall while going to work that morning. Noting the continued presence of the gravel on her way home for lunch, she intended to avoid the gravel by utilizing a sidewalk which paralleled the bike path. She proposed to walk the bike on the sidewalk, past the danger and resume travel on the bike path. The only satisfactory access to the sidewalk was a private driveway, and it was toward it that petitioner was headed when the accident occurred.

The self-insured Trustees of the California State University and Colleges, respondent here, contends that petitioner's accident failed to qualify for statutory recovery as it did not arise out of and in the course of her employment. It is asserted that the injuries were sustained away from the Cal Poly campus and as a result of a risk assumed by all users of the public streets and highways.

While recognizing the "left hand turn" exception to the "going and coming" rule of nonliability, the employer nevertheless asserts the inapplicability of the instant facts to the exception. Respondent claims that the left hand turn had as its goal a private driveway, rather than the campus entrance at the designated bike path, and petitioner is thus precluded from recovery.

■ Petitioner's position is that her premature turn was mandated by the dangerous condition of the regularly utilized campus entrance and thus the zone of her employment was necessarily extended to the site of the accident.

We agree with petitioner, and hold that where a "special risk," as here, is caused or exaggerated by an unsafe or hazardous condition on the employer's premises, the injured employee is entitled to compensation where the injury occurs off such premises, but within an extended zone of employment.

■ The general rule in the area of workers' compensation is that in the absence of exceptional circumstances, employees are not covered

by workers' compensation while "going and coming" to and from their places of employment. (See, e.g., *Hinojosa v. Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176]; *Ocean Acc., etc. Co. v. Industrial Acc. Com.* (1916) 173 Cal. 313, 322 [159 P. 1041].) For purposes of the rule, the employment relationship does not begin until an employee enters the employer's premises. Prior to entry the "going and coming rule" ordinarily precludes recovery; after entry, injury is generally presumed compensable as arising in the course of employment. (*Pacific Indem. Co. v. Industrial Acc. Com.* (1946) 28 Cal.2d 329, 335-336 [170 P.2d 18]; *Cal. Cas. Ind. Exch. v. Ind. Acc. Com.* (1943) 21 Cal.2d 751, 755 [135 P.2d 158].) The point at which an employee is no longer "going or coming" and has entered the area of his employment involves a factual determination. (*Greydanus v. Industrial Acc. Com.* (1965) 63 Cal.2d 490, 492 [47 Cal.Rptr. 384, 407 P.2d 296].)

If, prior to entry upon the premises, an employee suffers injury from a special risk causally related to employment, the injury is compensable under the "special risk" exception to the "going and coming rule." "The facts that an accident happens upon a public road and that the danger is one to which the general public is likewise exposed, however, do not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree." (*Freire v. Matson Navigation Co.* (1941) 19 Cal.2d 8, 12 [118 P.2d 809].)

Thus, in *Freire* the court held that an employee injured on a bulkhead while attempting to enter the employer's premises was within the ambit of workers' compensation because "the plaintiff [employee] by reason of his employment was subjected to the risks arising on the bulkhead peculiarly and to an abnormal degree." (*Id.* at p. 13.)

The genesis of the "left hand turn" exception to the "going and coming" rule is found in *Pacific Indem. Co. v. Industrial Acc. Com., supra. Greydanus, supra*, reinforced the departure from the general principle of that rule as first espoused in *Ocean Acc., etc. Co. v. Industrial Acc. Com., supra.* In both *Pacific Indem. Co.* and *Greydanus* the employees were injured in accidents while making left turns to the employers' premises on a public street in the face of oncoming traffic. In both cases the court held the making of a left turn exposed the employee to a par-

ticular risk—one distinctive in nature—not shared by the public generally. (*Pacific Indem. Co., supra*, 28 Cal.2d at pp. 331, 337-338; *Greydanus, supra*, 63 Cal.2d at pp. 491, 493.)

As the court stated in *Pacific Indem. Co., supra*: "... if the employment creates a special risk, an employee is entitled to compensation for injuries sustained within the field of that risk. The employee may be subject to such a risk as soon as he enters the employer's premises, *or the necessary means of access thereto*, even when the latter is not under the employer's control or management. (*Freire* v. *Matson Navigation Co., supra*, and cases cited therein.)" (28 Cal.2d 329 at p. 336.) (Italics added.)

In the case at bench the Workers' Compensation Appeals Board gave undue emphasis to *General Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595 [128 Cal.Rptr. 417, 546 P.2d 1361], wherein the Supreme Court denied compensation to Chairez, an employee injured while alighting from his vehicle parked on the street in front of the employer's premises. In its opinion, the court recognized that a sharp line of demarcation—the "premises line,"—was useful in determining the application of the "going and coming rule." However, the court went further, noting the existence of the special risk exception enunciated in *Freire, supra*, and implied that under certain circumstances the existence of a "premises line" is irrelevant to the question of compensability. From this we can infer that beyond the employer's confines there can exist a zone of employment, varying in distance, measured by the special circumstances of each case and defined by the nature of the employment.

The instant case falls within such a zone of extended employment. Ms. Lefebvre's failure to utilize the designated bike path was not a matter of personal preference or choice. It was due to the apparent neglect of Cal Poly's employees or contractors in making the designated path unavailable for her safe use. Petitioner's exercise of a rational choice was both reasonable and warranted by all of the surrounding circumstances. The unswept gravel constituted the causal connection between the injury and the employment. The bike path was, in effect, closed to moped traffic to the same extent as if access to the campus was denied by the erection of barricades. In such circumstances, the zone of employment is necessarily extended to the most reasonable alternate place of safe access. In this case it was the driveway and

sidewalk toward which Ms. Lefebvre was heading at the time of her accident.

The workers' compensation judge who initially heard this matter found that petitioner sustained an injury arising out of and in the course of her employment, specifically relying on *Greydanus, supra.* The judge's findings of fact as to an industrial injury are entitled to great weight. (*Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 853 [109 Cal.Rptr. 211, 512 P.2d 843]; *Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 319 [90 Cal.Rptr. 355, 475 P.2d 451].)

Petitioner also sought to bring her off-premises injury within the "personal comfort" doctrine recognized in *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 925, 928 [64 Cal.Rptr. 323, 434 P.2d 619], and its progeny. As our resolution of the "left hand turn" issue effectively reinstates petitioner's award, no purpose would be served in further treatment of alternate theories of recovery.

The decision of the Workers' Compensation Appeals Board is annulled and the respondent board is directed to enter its findings and award in conformity with the provisions of this decision.

Hopper, Acting P. J., and Hanson (P. D.), J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied August 6, 1980.