172 Cal.App.3d 1195 (1985)
218 Cal. Rptr. 662
JESSICA ROGERS, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD, HUGHES AIRCRAFT COMPANY et al., Respondents.
Docket No. B011257.
Court of Appeals of California, Second District, Division Five.
October 7, 1985.
*1196 COUNSEL
Ozurovich & Schwartz and Michael A. Ozurovich for Petitioner.
Allen, Rhodes & Sobelsohn, Douglas D. Spence, Harold T. Ross, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.
OPINION
HASTINGS, J.
Petitioner Jessica Rogers (applicant) seeks review of the decision of respondent Workers' Compensation Appeals Board (Board) affirming *1197 its decision on reconsideration which rescinded the findings of the workers' compensation judge (WCJ) that applicant sustained injuries in the course of her employment by respondent Hughes Aircraft Company (Hughes).
We hold that the Board's decision must be affirmed since the Board correctly determined that applicant did not meet her burden of proving by a preponderance of the evidence that her injuries arose out of her employment.
Applicant's claim for compensation benefits was submitted on her deposition testimony, certain medical reports, and a stipulation that she claims to have sustained industrial injuries to her right arm and ankle, left hip and neck on July 15, 1983, while employed as a developmental assembler by Hughes, whose insurance carrier at that time was Hartford Accident & Indemnity Company. Applicant did not appear, and no testimony was presented, at the hearing.
Consequently, the only evidence presented by applicant on the issue of industrial causation consisted of her own deposition testimony. She testified in substance that her regular workshift was 6:45 a.m. to 3:15 p.m., with an 11:30 a.m. to 12 p.m. lunch break. During her lunch break on Fridays, she customarily drove to a bank "three to four blocks away" and cashed her paycheck. On Friday, July 15, 1983, about 11:30 a.m., she left her workplace, walked to her car which was parked in a parking lot maintained by Hughes on its premises for its employees, drove to the bank, cashed her check, and returned to the Hughes parking lot. When she "pulled in" the lot, a "biker" simultaneously pulled in behind her, followed her to where she parked her car, and parked his motorcycle in a nearby stall. She sat in the car for a minute or two and sorted her money before putting it in her purse. Then she got out of the car and walked hurriedly toward the lot exit on the way to her work station. However, the biker grabbed her from behind, struck her, beat her down, took her purse and fled on his motorcycle. She "started hollering" when the assailant first grabbed her. Two other employees who were in the lot and able to hear her "were taking care of their own business" and did not come to her aid. She inferred that the biker followed her from the bank.[1]
Applicant testified further that the parking lot, as well as the intervening 100 yards between the lot and her work station, were part of Hughes premises. *1198 The lot is close by the railroad tracks. There were "no guards around" when she was assaulted. Guards "are supposed to patrol the areas at all hours, but they were on their lunch hour, I guess." Hughes issues decals to the employees to park in certain sections of the lot, but no particular stalls are assigned. There is no special device to insert in an entrance gate; rather, "[y]ou drive right in."
The WCJ, applying the special risk exception to the going and coming rule as enunciated in General Ins. Co. v. Workers' Comp. Appeals Bd. (1976) 16 Cal.3d 595 [128 Cal. Rptr. 417, 546 P.2d 1361], found that applicant's injuries from the assault arose out of and in her employment.
The Board, in a two-to-one decision, granted reconsideration, rescinded the WCJ's findings, and found that applicant did not sustain injuries arising out of the course of her employment. The Board, relying on the "personal risk cases" (Western Airlines v. Workers' Comp. Appeals Bd. (1984) 155 Cal. App.3d 366 [202 Cal. Rptr. 74]; State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (1982) 133 Cal. App.3d 643 [184 Cal. Rptr. 111]; California State Polytechnic University v. Workers' Comp. Appeals Bd. (1982) 127 Cal. App.3d 514 [179 Cal. Rptr. 605]; Transactron, Inc. v. Workers' Comp. Appeals Bd. (1977) 68 Cal. App.3d 233 [137 Cal. Rptr. 142]), concluded as follows: "The assault here was entirely personally motivated and the nature and circumstances of applicant's employment played no part in her assailant's evident intent to rob her. The most reasonable inference to be drawn from these facts is that, as inferred by applicant, applicant's assailant followed her from the bank for the purpose of robbing her.... Here, applicant's job `was not the proximate cause of her injury for it merely provided a stage for the event.' [Citation.] Once the assailant had formed his intent to rob applicant, the assault `could [have] conceivably occur[red] anywhere.' [Citation.] Although it in fact occurred on the employer's premises, the chain of causation between the employment and the injury is so remote that the injury must be deemed not to be incident to the employment. [Citations.] [¶] Applicant here was just like the victims of many violent robberies, except for the coincidental fact that her employer's workplace formed the backdrop for her assailant's final actions. Any injury which she suffered from the assault, though unfortunate, is not compensable." (Fns. omitted.)
Applicant then petitioned for reconsideration of the Board's decision and requested, inter alia, that the Board apply the Labor Code section 3202 rule of liberal construction resolving all doubts as to industrial causation in favor of the employee. The Board denied the petition, concluding (in another two-to-one decision) that "applicant's contention that Labor Code Section 3202 requires all reasonable doubt to be resolved in favor of applicant herein *1199 ignores the dictates of Labor Code Section 3202.5, which provides: `[n]othing contained on [sic] Section 3202 shall be construed as relieving a party from meeting the evidentiary burden of proof by a preponderance of the evidence.' Applicant, of course, has the burden of proving industrial injury and applicant has failed to meet that burden here."
The Board stated further that from the facts related by applicant in her testimony, "a reasonable inference to be drawn is that, as inferred by applicant, the assailant formed his intent to rob applicant at the bank and he followed her from there for the very purpose of doing so. We find no merit in the contention that, apart from applicant's `speculation' in her deposition, this inference is without evidentiary support. In her deposition testimony, applicant not only inferred that her assailant had decided to rob her when she was at the bank, she also provided the factual basis for that inference: applicant stated that her assailant entered the parking lot when she did, parked when she did, and assaulted her but one or two minutes after she arrived. It is thus probable that applicant's assailant observed her cashing her check at her bank and that he decided to assault her before he ever entered onto her employer's premises. Moreover, applicant has come forward with no evidence, as was her burden, to refute the reasonable inference, drawn by both applicant and the Board, regarding the circumstances of her assault and robbery." (Fn. omitted.)
(1a) Applicant, of course, had the burden of proving by a preponderance of the evidence that her injury arose out of and in the course of her employment. (Lab. Code, §§ 3202.5, 3600, 5705; Wehr v. Workers' Comp. Appeals Bd. (1985) 165 Cal. App.3d 188, 193 [211 Cal. Rptr. 321]; California State Polytechnic University v. Workers' Comp. Appeals Bd., supra, 127 Cal. App.3d at p. 520; Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 8.45, p. 316.) "`Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." (Lab. Code, § 3202.5; see Wehr v. Workers' Comp. Appeals Bd., supra, 165 Cal. App.3d at pp. 193-194.)
(2) It is well settled that to be compensable under Labor Code section 3600, an injury resulting from an assault must both "arise out of and be in the course of employment." (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 652, original italics; see Transactron, Inc. v. Workers' Comp. Appeals Bd., supra, 68 Cal. App.3d at p. 236; Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 369; California State Polytechnic University v. Workers' Comp. Appeals Bd., supra, 127 Cal. App.3d at p. 518.)
*1200 Generally, the phrase, "in the course of employment," refers to the time and place of the injury, whereas the phrase, "arise out of employment," refers to a causal connection between the employment and the injury. (Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 369; State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 652.)
(3a) The fact that an assault occurs while the applicant is on the employer's premises is not of itself determinant, since it only establishes the "arise in" element; and it is incumbent upon applicant to show further that the assault "arose out of" the employment, i.e., that there was a causal connection between the employment and the assault. (See Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 369; State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 652; California State Polytechnic University, supra, 127 Cal. App.3d at p. 518.)
In the instant case, applicant met her burden of establishing that the assault "arose in" the course of her employment, since she had clearly arrived on the employer's premises when the assault occurred, and she was not injured in her local commute to and from the bank. (See Price v. Workers' Comp. Appeals Bd. (1984) 37 Cal.3d 559, 565-566 [209 Cal. Rptr. 674, 693 P.2d 254].) Thus, the crucial issue here is whether applicant met her burden of proving by a preponderance of the evidence that the assault "arose out of" the course of her employment.
"Generally, whether an assault at the hands of a third person will be considered one `arising out of ... the employment' depends upon `whether the assault is made by reason of circumstances connected with the employment or without any relation thereto.'" (Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 369.) In other words, when a third party intentionally injures the employee on personal motivation, there has to be some work connection to establish compensability. (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 654.)
If the assault at work is purely personal and unrelated to the employment, the injury is not compensable (California State Polytechnic University v. Workers' Comp. Appeals Bd., supra, 127 Cal. App.3d at p. 518); and, when the assault is personally motivated, it could conceivably occur anywhere. (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 654.) As stated in Transactron (supra, 68 Cal. App.3d at p. 239): "The role of employment in the [assault] is inconsequential when it merely provides a place where the assailant can find the victim. [Citation.] *1201 Where the nature of the employee's duties places her in no particularly dangerous or isolated position, or where the risk of harm is not limited to the place of employment and where the attack occurs on the premises not because the victim was performing the duties of employment at the time of assault but because she merely was there, and where the nature of the employment was not part of an assailant's plan to isolate or trap the victim, the injury does not arise out of the employment." (See State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 654; California State Polytechnic University v. Workers' Comp. Appeals Bd., supra, 127 Cal. App.3d at p. 518.)
(4) In determining whether applicant met her burden of proving a causal connection between her employment and the assault so as to establish that her injury arose out of the employment, the Board, as ultimate trier of fact, was empowered to rescind the WCJ's decision upon concluding that applicant did not meet her burden of proof by a preponderance of the evidence. (Lab. Code, §§ 3202.5, 5906, 5907.) In determining whether applicant's evidence had such convincing force and probability of truth as to satisfy her burden of proof by a preponderance of the evidence (Lab. Code, § 3202.5), the Board could properly draw inferences from the evidence presented. (Judson Steel Corp. v. Workers' Comp. Appeals Bd. (1978) 22 Cal.3d 658, 664 [150 Cal. Rptr. 250, 586 P.2d 564]; State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 652.)
Here, applicant's case was submitted without objection on her version of the incident as set forth in her deposition testimony. (3b) Her own inference was that the assailant formed his intent to rob her while she was at the bank and followed her until she stopped in the parking lot.[2] The assailant having formed his intent previously, the assault could have occurred anywhere. (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 654; see Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 370; Transactron, Inc. v. Workers' Comp. Appeals Bd., supra, 68 Cal. App.3d at p. 238.) There was no showing that her assailant intended to assault or rob only a Hughes employee, or that the assailant's motive was other than strictly personal. (Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 371.) Thus, the assault was personally motivated, and the employer's premises played no part in the assailant's intent to rob her; rather, it was merely "a stage for the event." (Transactron, Inc. v. Workers' Comp. Appeals Bd., *1202 supra, 68 Cal. App.3d at p. 238.) It was not shown that the risk of harm was limited to the place of employment (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d at p. 654), or that the employment contributed in any way to her selection as the victim of the assault. (Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d at p. 369.) Nor was it shown that the assault occurred because she was performing the duties of her employment, but rather merely because the assailant followed her there from her personal errand at the bank. (Ibid.; Transactron, Inc. v. Workers' Comp. Appeals Bd., supra, 68 Cal. App.3d at p. 239.)
(1b) As the Board concluded, Labor Code section 3202.5 expressly provides that the Labor Code section 3202 rule of liberal construction shall not relieve a party from meeting the evidentiary burden of proof by a preponderance of the evidence. (3c) The Board correctly determined that applicant did not meet her burden of proving by a preponderance of the evidence that her injuries arose out of her employment. (Lab. Code, §§ 3202.5, 3600, 5705, 5906, 5907; Western Airlines v. Workers' Comp. Appeals Bd., supra, 155 Cal. App.3d 366; State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra, 133 Cal. App.3d 643; California State Polytechnic University v. Workers' Comp. Appeals Bd., supra, 127 Cal. App.3d 514; Transactron, Inc. v. Workers' Comp. Appeals Bd., supra, 68 Cal. App.3d 233.)
The January 9, 1985, decision after reconsideration by respondent Workers' Compensation Appeals Board is affirmed.
Feinerman, P.J., and Ashby, J., concurred.
Petitioner's application for review by the Supreme Court was denied December 18, 1985.
NOTES
[1] Applicant's deposition testimony was in part as follows: "Q.... When you say he pulled in behind you, do you mean he pulled into the lot at the same time you did; and you parked, and then he parked? [¶] A. Uh-huh. [¶] So I think that he followed me from the bank. [¶] Q. Why do you think that? [¶] A. Well, how else would he know I had some money with me to attack me."
[2] Applicant's deposition testimony includes many statements that could well be characterized as objectionable hearsay, opinion, speculation, or conclusion. It is to be noted, however, that she submitted her case on her deposition testimony without any objection or motion to strike any part thereof. Moreover, under Labor Code sections 5708 and 5709, the rules of evidence are not strictly applied in workers' compensation proceedings.