[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2012
JOHN LEY
CLERK

_____

No. 10-10681

_____

D.C. Docket  No. 3:07-cv-00941-HES-TEM


ELVA JONES, as Personal Representative
of the ESTATE OF WENFORD KILLINGS,

                                   Plaintiff - Appellant,

                    versus

LATEX CONSTRUCTION COMPANY,

                                   Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 28, 2012)


Before MARCUS, WILSON and HILL, Circuit Judges.

HILL, Circuit Judge:

Latex Construction Company's employee, Donald Cone, negligently caused the death of Wenford Killings in an automobile accident. Elva Jones, on behalf of Killings' estate, sued both Cone and the company for wrongful death. Following the close of her case, the district court granted judgment as a matter of law to the company on the issue of its respondeat superior liability to Jones, and later entered a final judgment in its favor. This appeal followed.

I.

Donald Cone, an Arkansas resident, was hired by Latex Construction Company ("Latex") to work as a heavy equipment operator helping to lay a gas pipeline extending from Savannah, Georgia, to Orange Park, Florida. Latex employees traveled along with the continuously moving jobsite. Latex and Cone entered into an agreement whereby Latex leased Cone's four-wheel drive pick-up truck for $30 a day. The agreement provided in part that:

> The reimbursement paid by Latex Construction Company for the use of employee's vehicle/rig begins at the company warehouse and ends on the work site/right of way, and such reimbursement will only apply for working time on the job.

Cone was working in Callahan, Florida, in March of 2007, when he rear-ended a car driven by Wenford Killings. Both Cone and Latex admitted that

2

Cone's negligence was the legal cause of Killings' death. Latex, however, denied that Cone was its agent at the time of the accident and, therefore, denied any liability under the doctrine of respondeat superior. The issues at trial were limited to damages and whether Cone was acting within the course and scope of his employment at the time of the accident so as to make his employer liable for his negligence.

At trial, the investigating police officer testified that Cone told her he "was on his way to work at the time of the crash." That was the sole evidence at trial as to where Cone might have been going at the time of the accident.[1]

After Jones closed her evidence as to Latex's liability under respondeat superior, the district court, upon motion, granted the company judgment as a matter of law, holding that there was insufficient evidence before the jury to permit a reasonable juror to conclude that Cone was acting within the course and scope of his employment at the time of the accident. The court stated that "it would be all speculation on their part as to what was going on that day, whether or not he was on the clock or off the clock at that time."[2]

Jones requested leave to reopen her evidence to produce Cone to testify to

[1]Cone's admissions and deposition testimony conflicted as to where he was going, but neither was permitted by the district court as substantive evidence against Latex.

[2]Shortly thereafter, Jones settled with Cone and he was dismissed from this case.

where he was going, but the district court denied this request as Jones had told the court that she had concluded her evidence on liability.[3] The court stated that it would not permit Jones to reopen her evidence in response to the court's disposition of the motion for directed verdict. To do otherwise, the court suggested, would be unfair to Latex.

Shortly after the directed verdict for Latex, Jones settled with Cone. Subsequently, she filed this appeal of the directed verdict.

We review the district court's directed verdict *de novo* since it is a question of law. *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001). We review the denial of permission to reopen Jones' liability evidence for an abuse of discretion. *See Lundgren v. McDaniel*, 814 F.2d 600, 607 (11th Cir. 1987).

## II.

In order for Latex to be liable for Cone's negligence, Jones had to present sufficient evidence for a reasonable juror to conclude that Cone was acting for the benefit of his employer at the time and place of the accident – either by performing the kind of work he was hired to do, by serving a purpose of his employer, or by committing the act when he was working. *Sussman v. Fla. E. Coast Properties,*

---

[3]Although her case was still open, it was limited at that point to damages.

*Inc.*, 557 So. 2d 74, 75-76 (Fla. 3d DCA 1990). Jones sought to demonstrate that Cone committed his negligent act while he was "on a work related mission." Jones' theory was that Cone was using his truck – for which Latex paid him $30 a day – to deliver both himself and equipment to the jobsite, and that the officer's testimony that Cone said he was "headed to work" was sufficient to support a jury finding to that effect. We disagree.

The general rule is that an employee who is going to or coming from work is not acting within the scope of his employment. *See* Fla. Stat.§ 440.092(2) ("[a]n injury suffered while going to or coming from work is not an injury arising out of and in the course of employment . . ."). While this is a workman's compensation statute, it codifies the common law rule governing agency while the employee is traveling to or from work. In order to remove Cone's travel from this rule, Jones argues that the payment to Cone of a stipend for his truck meant that he was working when he drove it to either the warehouse or the jobsite.[4]

The district court may have agreed in part with this theory that the payment of the stipend might have changed the application of the going and coming rule to

---

[4]Jones also postulated that the "traveling employee" exception to the "going and coming" exclusion from work time rule might cover Cone since he relocated to Florida for the job. This exception is inapplicable in tort cases, *Ferro v. Crom Corp.*, 617 So. 2d 379 (Fla. 2d DCA 1993), and where the employee did not travel away from the jobsite *during* work. *Id.*

this case.[5]  Under the terms of the lease agreement, if Cone had been to the warehouse and was on his way to the jobsite, the company may well have considered this time to be "working on the job" for which he would be reimbursed. In this circumstance, the going and coming rule might not have prevented Latex's liability for Cone's negligence.

However, there was insufficient evidence in the record for a reasonable juror to conclude where Cone had been or where he was going at the time of the accident.  The only evidence in the record was that Cone told the officer he was "headed to work."  This could have meant the warehouse or it could have meant the jobsite.  Any juror choice between the two would have been mere speculation.

Even if the leasing arrangement between Latex and Cone could operate to except this case from the going and coming rule, we note that it was undisputed that Cone had not been to the warehouse that morning.  So, under the terms of the agreement, Cone was not being paid for the use of his truck at the time of the accident.

Under these circumstances, we hold that the there are no circumstances in this case to except it from the going and coming rule, and Cone, therefore, was not

---

[5]The district court ruled orally on the motion and did not subsequently write an opinion explaining its ruling.  It merely held that, based on the evidence, the jury could only speculate as to whether Cone was "working" at the time of the accident.

acting within the course and scope of his employment while he was "headed to work" at the time of the accident.

Nor do we agree that the district court abused its discretion in refusing Jones permission to reopen her evidence on this issue. Both of the witnesses Jones sought permission to call had already testified by deposition. Neither had been called during the trial. Latex prepared for trial based upon the depositions. Jones' request to call these witnesses live, after closing her evidence on the issue of Latex's liability for Cone's accident, could only be to try to elicit different testimony to address the concerns of the court. It is well within the broad discretion of the trial court not to permit such a second bite at the apple. *See Lundgren*, 814 F.2d at 607.

## III.

For the foregoing reasons, the judgment of the district court as to Latex is AFFIRMED.