**DARREL PAUL, Plaintiff**
**v.**
**ABRAMSON ENTERPRISES, INC., Defendant**

Civil No. SX-05-CV-132
Superior Court of the Virgin Islands
Division of St. Croix
June 1, 2016

270

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(June 1, 2016)

THIS MATTER is before the Court on Defendant Abramson Enterprises, Inc.'s ("Abramson") Motion for Summary Judgment ("Motion"), filed February 22, 2010; and Plaintiff's Opposition thereto ("Opposition"), filed May 3, 2010. Also pending before the Court is

▆▆▆ ▆▆▆▆▆▆▆ ▆▆▆

Defendant's Motion to Deem Motion for Summary Judgment Conceded, filed May 10, 2010; Plaintiff's Response thereto, filed April 27, 2010; Defendant's Reply, filed May 7, 2010; and Defendant's Motion for Ruling, filed February 9, 2016. For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment and denies Defendant's Motion to Deem Motion for Summary Judgment Conceded and Defendant's Motion for Ruling, as moot.

## BACKGROUND

This action stems from an accident that occurred on or about November 8, 2004. Complaint ¶5. Plaintiff Darrel Paul alleges that former Defendant Victor Ventura[1] was speeding and operating his personal vehicle in a reckless manner because he was late to his work as an employee of Defendant Abramson Enterprises, Inc. ("Abramson") when he rear-ended a garbage truck, resulting in injury to Plaintiff who was a pedestrian. *Id.* ¶¶75-8.[2] Plaintiff alleges that Ventura was acting within the scope of his employment with Abramson at the time Plaintiff was injured. *Id.* ¶5.

▆ The following motions filed by Defendant Abramson have been denied: (1) Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), denied December 27, 2005; (2) Motion to Reconsider, denied March 7, 2006; and (3) Renewed Motion to Dismiss (12(b)(6)), denied May 1, 2008. Discovery concluded in February 2010. The present review is limited to only the Motion for Summary Judgment. Although the Motion to Concede is denied as moot, "the fact that a summary judgment motion is deemed uncontested due to a procedural defect — such as not filing a timely opposition — is not grounds for accepting the moving party's undisputed facts as true. . . . [T]he trial court may not accept as true the moving party's itemization of undisputed facts; instead, the court must

---

[1] Defendant Ventura was dismissed from the action by Order entered December 9, 2011, pursuant to the "Stipulation of Dismissal with Prejudice as to Defendant Victor F. Ventura Only."

[2] Although the Complaint states that Plaintiff was a pedestrian, according to the Police report, it appears that Plaintiff was an employee of the garbage truck company and that Plaintiff "grabbed on to the garbage truck and lifted himself up and the Jeep slammed into him causing both of his legs to break." *See* Plaintiff's Response to Defendant Abramson Enterprises, Inc.'s Statement of Undisputed Facts and Plaintiff's Counter Statement of Facts ("Counter Statement of Facts"), Exhibit 1.

satisfy itself that the evidence in the summary judgment records supports this relief." *Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 583 (V.I. 2015) (citing *Martin v. Martin*, 54 V.I. 379, 389 (V.I. 2010)).

## LEGAL STANDARD

■ A moving party will prevail on a motion for summary judgment where the record shows that there is no genuine issue of material fact unresolved and that the movant is entitled to judgment as a matter of law. *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008), citing FED. R. CIV. P. 56(e), as applicable per SUPER. CT. R. 7. "A party is entitled to judgment as a matter of law when, in considering all of the evidence, accepting the nonmoving party's evidence as true, and drawing all reasonable inferences in favor of the nonmoving party, the court concludes that a reasonable jury could only enter judgment in favor of the moving party." *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 409 (V.I. 2016). The nonmoving party in responding to a motion for summary judgment has the burden of "set[ting] out specific facts showing a genuine issue for trial." *Williams*, 50 V.I. at 194-95. A dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 391-92 (V.I. 2014). To succeed on her negligence claim in this case, Plaintiff must show that Abramson — (1) owed a legal duty of care to Plaintiff; (2) that Defendant breached that duty; (3) constituting the factual and legal cause of (4) damages to Plaintiff. *Antilles School*, 64 V.I. at 409 (citing *Machado*, 61 V.I. at 380).

## DISCUSSION

■ Plaintiff's *respondeat superior* action against Defendant is premised upon his allegation that Victor Ventura was acting within the "course and scope" of his employment with Defendant at the time of Plaintiff's injury. *See Defoe v. Phillip*, 56 V.I. 109, 131 (V.I. 2012) (citing *Williams v. Rene*, 72 F.3d 1096, 1099, 33 V.I. 297 (3d Cir. 1995)). Whether an employee is acting within the "course and scope" of his employment is generally a question of fact; however, when the facts are undisputed, the court may decide these questions as a matter of law. *See Brunn v. Dowdye*, 59 V.I. 899, 905-06 (V.I. 2013) (citations omitted).

Plaintiff argues that Abramson has previously acknowledged that Ventura was acting within the "course and scope" of his employment, citing a letter written by Abramson's Executive Assistant Rosetta A. Tongue to the Virgin Islands Department of Labor on the day of the accident. Opposition, at 2, Exhibit 7. Plaintiff states that Defendant's present position that Ventura was not acting within the "scope and course" of his employment directly contradicts Defendant's "statements and actions in November 2004 when it claimed that Ventura was covered by Workers Compensation Insurance because he was acting within the scope of his employment at the time of his injury." *Id.* at 3. Plaintiff contends that Defendant admitted "that Ventura was a bus driver for Abramson and that he was an employee in the 'course and scope' of employment at the time of the accident and covered by Workers Compensation Insurance." *Id* at 2. Plaintiff argues that it is not necessary that the Court independently analyze whether Ventura was acting within the course and scope of his employment because of Defendant's admission in its letter to Division of Workers' Compensation. *Id. at* 7.

The letter in issue states in its entirety:

> This letter certifies that Mr. Victor Ventura is employed by Abramson Enterprises, Inc., as a School Bus Driver and is therefore covered under Workmen Compensation Insurance. Mr. Ventura was involved in an accident on his way to work this morning. Please call our office if there are any questions.

*Id.* at 2, Exhibit 7.

Assuming, without deciding, that Defendant's letter can be interpreted as an admission that Ventura's accident arose "out of and in the course of his employment" for purposes of the Virgin Islands Workers' Compensation Administration statutory framework,[3] such admission is not determinative of Plaintiff's vicarious liability claim against Abramson under common law *respondeat superior* principles.

The Virgin Islands statutory scheme is consistent with workers' compensation statutes in other jurisdictions. A California appellate court

---

[3] 24 V.I.C. § 252(a) in pertinent part states directly: "Injuries resulting from travel to and from home immediately before or after working hours . . . shall be considered as arising out of and in the course of employment, provided that such travel is by a reasonably direct route."

has explained that the goal of workers' compensation laws is to rehabilitate the injured worker, not to indemnify. *Munyon v. Ole's, Inc.*, 136 Cal. App. 3d 697, 702, 186 Cal. Rptr. 424 (1982). *See also Painter v. Amerimex Drilling I, Ltd*, 2015 Tex. App. LEXIS 11313, *1-2, 16 (Tex. App. 2015) (holding that a higher standard of proof is required in the context of vicarious liability versus workers' compensation claims).[4]

> A liberal interpretation of the scope of employment in workers' compensation cases is warranted in order to ensure certain recovery for injured workers, regardless of fault. There is no such tradition of a liberal approach to course and scope questions when considering application of *respondeat superior* in order to impose tort liability onto an employer.

*Teurlings v. Larson*, 156 Idaho 65, 74, 320 P.3d 1224 (2014) (citation omitted).

█ Workers' compensation statutes tend to be construed in favor of the employee, while holding an employer liable for the acts of its employee under a theory of *respondeat superior* "is generally a pure policy question of allocation of risk." *Painter*, 2015 Tex. App. LEXIS 11313, at *16-20. Therefore, "[t]he rules governing course and scope under the [Workers' Compensation] Act, and for vicarious liability under *respondeat superior*, can dictate different outcomes based on the same set of facts." *Id.* at *19 (citing *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290 (Tex. 1965) (upholding "course and scope" finding for worker traveling out of town in workers' compensation case, but noting in *dicta* that result would be different in *respondeat superior* context).

█ "The Workers' Compensation Act is a protective statute whose provisions must be liberally construed in favor of protecting injured workers. It is a shield for the injured worker. The imposition of vicarious tort liability, on the other hand, is a sword. Vicarious liability is a method of extending tort liability beyond those directly and immediately

---

[4] Cases relied upon by the claimant in *Painter* "were decided under the statutory definition of course and scope of employment found in the Texas Workers' Compensation Act. The Act represents a statutorily imposed compromise between the worker and employer whereby a worker forfeits their right to sue the employer in exchange for certain, but more limited benefits. It is liberally construed in favor of the employee." *Painter*, 2015 Tex. App. LEXIS 11313, at *19 (citations omitted).

negligent." *Munyon v. Ole's, Inc.*, 136 Cal. App. 3d at 702. In light of the different purposes of each compensatory scheme, public policy requires the application of different standards of proof for claimants seeking benefits under workers' compensation statutes as opposed to those seeking to establish vicarious liability based on *respondeat superior* principles.[5]

■ Accordingly, Abràmson's letter stating that Ventura was "covered under Workmen Compensation Insurance" concedes nothing with regard to the question of whether Abramson is vicariously liable under the principles of *respondeat superior*. Whether Ventura was acting within the "course and scope" of his employment with Abramson must be judged independently from the determination of the same question for the purposes of a workers' compensation claim. In light of the goals and policies of workers' compensation and vicarious liability in tort, a higher standard of proof is required to hold employers liable under the doctrine of *respondeat superior* for the actions and omissions of their employees.

■ Plaintiff concedes that "[g]enerally, an employee who is 'going to' or 'coming from' his or her place of employment is not considered to be acting within the scope of employment" and that "[t]his jurisdiction, like most, appl[ies] the general rule that an employee who is driving his or her personal vehicle to and from the employer's workplace is not within the scope of employment for the purpose of imposing vicarious liability on the employer." Opposition, at 5 (citing *Williams v. Rene*, 72 F.3d 1096, 33 V.I. 297 (3d. Cir. 1995)).[6]

Plaintiff cites exceptions to this general rule that focus on the "employer's 'control' over the employee's coming and going and whether the employer derives any 'benefit' from the commute." Opposition, at 6.

---

[5] "This ideational difference is highlighted by the fact that an injured worker need not prove fault as a condition precedent to the recovery of benefits. Contrast this with the obligation of a plaintiff in an automobile accident case who has the burden of proving fault by a preponderance of the evidence before liability can be imposed on a defendant. There are sound economic and sociological reasons for these distinctions." *Munyon v. Ole's, Inc.*, 136 Cal. App. 3d at 702 (citations omitted).

[6] *Williams v. Rene* predated the Legislature's 2004 amendment of 4 V.I.C. § 21 *et seq.*, which effectively repealed 1 V.I.C. § 4. In *Williams*, the Third Circuit recognized that "the Restatements furnish the guiding common law in the Virgin Islands," and looked to sections 228 and 229 of the RESTATEMENT (SECOND) OF AGENCY to determine Virgin Islands common law. 33 V.I. at 302.

Plaintiff candidly admits that "none of the usual exceptions to the coming and going rule appear to apply in this case" because (1) Ventura was not on a special mission or errand for Defendant; (2) Ventura was never required to use his personal vehicle for work purposes; and (3) Ventura was not on-call. *Id.*

Essentially, Plaintiff concedes that case law does not hold in his favor, yet he concludes with the following statement:

> A jury could easily find based on the facts that Defendant Abramson expected to derive benefit from the workers compensation scheme and have the workers compensation insurance benefits apply to Ventura's medical bills and his leave from work that Ventura was in the scope of his employment at the time of the accident.

Opposition, at 8.

A jury might find Plaintiff to be a sympathetic litigant,[7] and 24 V.I.C. § 252(a) specifically states that "injuries resulting from travel . . . from home immediately before . . . working hours . . . shall be considered as arising out of and in the course of employment" in the context of a workers' compensation claim. However, Plaintiff points to no evidence in the record to show that Abramson "expected to derive benefit from the workers compensation scheme," and his attempts to equate eligibility for workers' compensation with the vicarious liability of the employer through *respondeat superior* are contrary to judicial precedent and unpersuasive.

The pivotal issue of whether Ventura was acting within the scope of his employment for purposes of Plaintiff's claim that Abramson is vicariously liable for the acts of Ventura related to the accident must be independently analyzed in the light of *post-Banks* case law.[8]

In *Brunn*, the Supreme Court cited approvingly RESTATEMENT (THIRD) OF AGENCY § 7.07(2): "An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." 59 V.I. at 906-07.

---

[7] Plaintiff submits evidence of the severity of Plaintiff's injuries which, while regrettable, have no relevance to the legal question in issue as to his *respondeat superior* claim against Abramson. *See* Counter Statement of Facts, Exhibits 8,9.

[8] *Banks v. Int'l Rental & Leasing Corp.,* 55 V.I. 967 (V.I. 2011).

The undisputed facts in the record to which that standard is applied include the following:

(1) Ventura was commuting to work at the time of the accident;[9]

(2) Ventura was driving his personal vehicle;[10]

(3) Ventura was "cruising" to work;[11]

(4) Ventura was not asked to use his personal vehicle to transport children to and from school or to conduct business on behalf of Defendant;[12]

(5) The accident occurred before he had punched in to start his work day;[13]

(6) Ventura was not on call or on a special mission for the benefit of his employer;[14]

(7) The accident occurred on a day that was typical of normal activity that occurred on a regular workday, prior to commencement of the workday.[15]

---

[9] Counter Statement of Facts ¶ 4; Exhibit 2 (Ventura's Deposition) 15:23-25 (Ventura was driving his personal vehicle on his way to work.).

[10] *Id* ¶¶ 4, 7.

[11] *Id.* Ventura Dep. at 38:2-10 (Ventura left home at "five something" and he was not running late. In fact, he was "a lil [sic] early, cause I went down cruising. I leave the house comfortable and everything. It wasn't — I left with more than enough time.").

[12] *Id.* ¶¶ 4, 8; Ventura Dep. at 44:7-10 (Ventura was not driving his car to work to use it at work to transport children to school.).

[13] *Id.* ¶ 4; Ventura Dep. at 14:2-10 (clocking in after 6:25 a.m. would be considered late); 45:6-8 (Ventura's supervisor told him not to worry about reporting for work on the day of the accident); Exhibit 3 (Deposition of Abramson Enterprises, Inc. by Rupert R. Abramson, Jr.) 53:21-23 (the police report said the accident occurred at 5:40 a.m.).

[14] *Id.* ¶¶ 4-6; Ventura Dep. at 15:8-22 (Ventura worked overtime "once in a blue moo[n]" and Ventura never performed any work for Abramson other than "to operate the school bus and/or to get it ready to roll in the morning"); Abramson Dep. at 36:14-18 (Ventura never used his vehicle to run errands, do any work, pick up parts for the school bus, or go get lunch in his personal vehicle on company time.).

[15] *Id.* ¶ 4; Abramson Dep. at 28:18-23; 25:5-22; 42:20-22 (Ventura did not have a history of being late to work; he could clock in before 6:15 a.m. and be considered on time. Ventura was not given a cell phone or radio device to use other than what was installed in the school bus and there was no way of contacting Ventura if he was not in the school bus. "We are not responsible for him getting to or from work.").

## *Banks* Analysis

■ We must conduct a *Banks* analysis[16] to determine whether under these circumstances the morning commute of Ventura to his employment with Abramson constituted "an independent course of conduct not intended by the employee to serve any purpose of the employer," and in turn whether this activity occurred outside the course and scope of his employment.[17]

■ To determine whether Ventura's commute to work constitutes an independent course of conduct, the Court examines the "going and coming" rule and its exceptions. The "going and coming" rule in the context of a *respondeat superior* claim has consistently been interpreted in a manner that an employee's commute to work falls outside of the "scope and course" of his employment. *See Painter*, 2015 Tex. App. LEXIS 11313, at **26-27 (determining that proof of control of the route was required to place the employee in the "scope and course" of employment for the purpose of establishing liability under *respondeat superior*).[18]

---

[16] The *Banks* analysis consists of a balancing of the following three non-dispositive factors: (1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands. *See Simon v. Joseph*, 59 V.I. 611, 623 (V.I. 2013); *Government of the Virgin Islands v. Connor*, 60 V.I. 597, 603 (V.I. 2014).

[17] *Brunn*, 59 V.I. at 907.

[18] Case law in the workers' compensation context is more developed than in the vicarious liability context. California workers' compensation cases cited by Plaintiff discuss the challenges associated with uniformly applying rules to determine whether an employee may be deemed to be acting within the "course and scope" of employment when the employee drives a personal vehicle to and from the workplace and an incident occurs just before or just after work, within close proximity of the workplace, or even on the work premises, but before work has started. *See, e.g., Price v. Workers' Comp. Appeals Bd.*, 37 Cal. 3d 559, 563-66, 209 Cal. Rptr. 674, 693 P.2d 254 (1984) (holding that the "going and coming rule" did not apply to an employee who was injured while conducting personal business after concluding his commute, while waiting for his place of employment to open, to which he did not have access, when no parking area or waiting area had been provided; and that an injury suffered "during a local commute enroute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances is *not* within the course of employment"); *Hinojosa v. Workmen's Comp. Appeals Bd.*, 8 Cal. 3d 150, 155, 104 Cal. Rptr. 456, 501 P.2d 1176 (1972) (holding that transportation from ranch to ranch was an essential requirement of the job; the presence of the car was requisite to performance of the job; the worker was impliedly required to bring the car to the job and to take it from the job). *See also Perry v. Kilbarger Constr., Inc.*, 2015-Ohio 4661, 2015 Ohio App. LEXIS 4547, at *1 (Ohio Ct. App. 2015) (stating that the "going and coming" rule is "a tool used to determine whether an injury suffered by an em-

The "going and coming" rule has been addressed on limited occasions by courts in the Virgin Islands. "The general rule is that an employee is not within the scope of his employment while going to and coming from work." *Williams v. Rene*, 33 V.I. at 302. *Accord MacFarlane v. Jones Masonry*, 25 V.I. 43, 46 (Terr. Ct. 1990). Both of those pre-*Banks* cases adopted the provisions of the RESTATEMENT (SECOND) OF AGENCY § 229 and its commentary in reliance upon 1 V.I.C. § 4, subsequently implicitly repealed. Nonetheless, those cases are consistent with the general application of the "going and coming" rule in other jurisdictions.

Case law in jurisdictions outside of the Virgin Islands is robust. *See, e.g., Dhanraj v. Potomac Electric Power Co.*, 305 Md. 623, 506 A.2d 224 (1986) (in the case of an employee driving his own vehicle enroute to an employer operated training facility, the employer was not liable under the doctrine of *respondeat superior* because the employer did not expressly or impliedly consent to the use of the employee's vehicle, had no right to control its operation, and the use of the vehicle was not of such vital importance to the employer's business that its control over the vehicle might reasonably be inferred); *Halliburton Energy Services, Inc. v. Department of Transportation*, 220 Cal. App. 4th 87, 96, 162 Cal. Rptr. 3d 752 (2013) (holding that the employer could not be held vicariously liable for an accident involving its employee driving his own vehicle where there was no necessary nexus between the employee's activities at the time of the accident and the employer's business enterprise such that the employer incidentally benefitted from the employee's commute).

Courts in every circuit have adopted the "going and coming" rule in connection with *respondeat superior* claims seeking to impute vicarious

---

ployee in a traffic accident occurs in the course of and arises out of the employment relationship so as to constitute a compensable injury"); *Admin. Office of the Courts v. Blevins*, 2016 Ky. App. LEXIS 44, at *3 (Ky. Ct. App. 2016) (under the "going and coming" rule, injuries that occur during travel to and from work generally are not considered work-related and compensable in the workers' compensation context); *Am. Zurich Ins. Co. v. Jasso*, 598 Fed. Appx. 239, 246-247 (5th Cir. 2015) (Under the Texas Workers' Compensation Act, "[i]f an employee's ultimate destinations are home and work, despite any intermediate stops in-between, the 'coming and going' exclusion merits analysis. . . . Satisfying an exception to the 'coming and going' exclusion does not necessarily mean the travel falls within the course and scope of employment; it only means that this exclusion does not keep the activity outside the course and scope of employment. Once the exclusion is deemed excepted from, courts then examine whether the activity originated in the work of the employer and whether the employee was engaged in or about the furtherance of the business of the employer") (citations omitted).

liability onto an employer. *See, e.g., Arquilla v. Aultcare Ins. Co.,* 2015 U.S. Dist. LEXIS 41871, at *8 (N.D. Ohio 2015) (an employee who has a fixed and limited place of employment is as a matter of law not in the course of his employment when traveling to and from his work at that place); *Braud v. Transp. Servs.,* 2008 U.S. Dist. LEXIS 96189, at *1 (E.D. La. 2008) (same); *Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc.,* 2013 U.S. Dist. LEXIS 139110, at *25 (M.D. N.C. 2013) (an employee is not engaged "in the business of" the employer and not acting in the scope of employment while driving to and from the place of employment, unless the employee is acting at the direction of, or in the performance of some duty owed to, the employer when making the trip); *Keller v. Temple,* 2013 U.S. Dist. LEXIS 165708, at *12 (N.D. W.Va. 2013) (the idea behind the "going and coming" rule is that the employee is being exposed to a risk identical to that of the general public; the risk is not imposed by the employer); *Gilman v. McCarthy,* 2015 U.S. Dist. LEXIS 60330, at *24 (S.D. N.Y. 2015) (applying New York law, stating that New York and New Jersey hold that an employee who is driving his or her personal vehicle to and from the employer's workplace is not within the scope of employment for the purpose of imposing vicarious liability on the employer); *Roberts v. H-40 Drilling, Inc.,* 501 Fed. Appx. 759, 761 (10th Cir. 2012) (when an employee is going to or coming from work the employee is not considered to be within the scope of employment); *Neswood-Gishey v. United States,* 2008 U.S. Dist. LEXIS 111310, at *1 (D. Ariz. 2008) (same); *Jackson v. United States,* 2012 U.S. Dist. LEXIS 136733, at *7 (W.D. Tenn. 2012) (same); *Merlonghi v. United States,* 620 F.3d 50, 55 (1st Cir. 2010) (same); *Jones v. Latex Constr. Co.,* 460 Fed. Appx. 842, 843 (11th Cir. 2012) (same); *Peerless Ins. Co. v. Roedder,* 2009 U.S. Dist. LEXIS 4700, at *11 (E.D. Mo. 2009) (same); *Fackrell v. Marshall,* 490 F.3d 997, 999 (8th Cir. 2007) (same); *Girard v. Trade Prof'ls, Inc.,* 13 Fed. Appx. 865, 869 n.3 (10th Cir. 2001) (same); *Sharrock v. United States,* 673 F.3d 1117, 1119 (9th Cir. 2012) (same). *See also Pilgrim v. Fortune Drilling Co., Inc.,* 653 F.2d 982, 986-87 (5th Cir. 1981) (employer not vicariously liable under *respondeat superior* when both employer and employee testified there was no control over transport of drilling crew, despite per diem paid for the same).

 The overwhelming majority of jurisdictions have adopted the "going and coming" rule and recognized exceptions to the rule not applicable to the facts of this case where Abramson exercised no control

over and derived no benefit from Ventura's daily commute to the workplace.[19] Without addressing the validity of exceptions to the rule that may apply in different factual contexts, the Court finds that the "going and coming" as defined by pre-*Banks* Virgin Islands cases and the expressed majority rule represents the soundest rule for the Virgin Islands. As such, an employer will not be held to be vicariously liable for the negligence of its employee commuting to or from work, where the employer exercises no control over the employee's commute, which is not intended by the employee to serve any purpose of the employer other than merely providing for the presence of the employee at the workplace.

In this case, the Court concurs with Plaintiff's concession that no exceptions to the "going and coming" rule apply. *See* Opposition, at 6. Ventura had not commenced his work day, but was commuting to work in his personal vehicle as he did every day. He had not yet arrived at work, he had not punched in, and he was not performing any duties on behalf of his employer. His commute was his independent act, not at the direction or under the control of his employer Abramson, and his actions were not intended to serve any purpose of the employer other than to have Ventura's presence on the job at the commencement of the work day. As

---

[19] Whether an exception to the "going and coming" applies depends on how much control the employer exercises over the employee's commute. When an employer furnishes a company car for the employee's use, the employment contract exception to the "coming and going" rule may apply, if the applying "a 'totality of the circumstances' test to determine whether the terms of employment included provision of a company car for commuting." *Wachs v. Workers' Comp. App. Bd.*, 584 Pa. 478, 483-85, 884 A.2d 858 (2005) (workers' compensation context); *See also, e.g., Self v. Hanson*, 305 F.2d 699 (9th Cir. 1962) (Longshoremen's and Harbor Workers' Compensation Act); *Cross v. Board of Review*, 824 P.2d 1202, 1205 (Utah Ct. App. 1992) (holding that carpooling a very long distance to work did not warrant granting an exception to the "going and coming" rule for the purpose of awarding workers' compensation because it was not employer directed).

Other exceptions include: trip-payment or compensation exception (pay must be specifically identified as related to the trip or to the time spent going to the job site); *Perkins v. Marine Terminals Corp.*, 673 F.2d 1097, 1102-1103 (9th Cir. 1982) (Longshoremen's and Harbor Workers' Compensation Act); the bunkhouse exception, *see Boyko v. Parker*, 960 F. Supp. 2d 1270, 1272-73 (D. Utah 2013) (discussing the Utah Workers' Compensation Act and holding that beyond the employee's initial request to leave the bunkhouse, she had no control over the trip, which indicated that she was in the "course and scope" of her employment); the "special mission exception," which arises "where an employee is injured during a commute that involves a 'special errand' in which 'inconvenience, urgency, or hazard' is imposed upon him by his employer." *Hamilton v. Prudential Ins. Co. of Am.*, 1994 U.S. App. LEXIS 3158, at *12 (4th Cir. 1994).

such, Ventura's commute during which the accident occurred was "an independent course of conduct" not within the scope of his employment and not intended to serve any purpose of Abramson. *See Brunn*, 59 V.I. at 907.

Because Ventura's commute to work constituted an independent course of conduct distinct from his employment, his actions and omissions during that commute that allegedly resulted in Plaintiff's injury, were outside the course and scope of Ventura's employment, and Abramson cannot be held vicariously liable under the doctrine of *respondeat superior*. Accordingly, Abramson's Motion for Summary Judgment will be granted.

## Conclusion

The undisputed facts show that Ventura was commuting to work in his personal vehicle at the time of the accident, thereby triggering the application of the "going and coming" rule. Abramson exercised no control over its employee's commute, which served no purpose of the employer other than merely providing for the presence of Ventura at the workplace. As such, as a matter of law, Ventura was not acting within the course and scope of his employment with Abramson when the accident occurred. As such, Plaintiff's action seeking a finding of the vicarious liability of Abramson on a theory of *respondeat superior* cannot be maintained, and Abramson is entitled to judgment as a matter of law. Plaintiff's Complaint will be dismissed with prejudice.

On the basis of the foregoing, it is hereby

ORDERED that Defendant Abramson Enterprises, Inc.'s Motion for Summary Judgment is GRANTED. It is further

ORDERED that Defendant Abramson's Motion to Deem Motion for Summary Judgment Conceded and Defendant Abramson's Motion for Ruling are both DENIED, as moot. It is further

ORDERED that Plaintiff Darrel Paul's Complaint is DISMISSED WITH PREJUDICE.